**Suzan Nourhan TCHAVOUCHIAN and Arsine Keham Tchavouchian, Petitioners,**

**v.**

Alberto R. GONZALES,* Attorney General, Respondent.

Nos. 02–4497–AG(L), 03–40293–AG(CON), 02–4543–AG(CON) NAC.

United States Court of Appeals, Second Circuit.

Dec. 23, 2005.

Michael P. DiRaimondo, Melville, New York, for Petitioner.

Kevin J. O'Connor, United States Attorney for the District of Connecticut, (Lauren M. Nash, William J, Nardini, Assistant

---

* Attorney General Alberto R. Gonzales has been substituted for his predecessor, John Ashcroft, as the respondent in this matter. *See* Fed. R.App. P. 43(c)(2).

United States Attorneys, on the brief), for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. GUIDO CALABRESI, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Petitioners Suzan Nourhan Tchavouchian and Arsine Keham Tchavouchian (collectively the Tchavouchians) petition, through counsel, for review of the BIA's decisions denying their applications for asylum, withholding of removal, and Convention Against Torture ("CAT") relief, and denying their motion to reopen. We assume the parties' familiarity with the underlying facts and procedural history.

Where the BIA affirms without opinion, this Court reviews the IJ's decision. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). The IJ's factual determinations must be affirmed if they are supported by substantial evidence, *see* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004), but this Court reviews the IJ's legal conclusions *de novo, see Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 66 (2d Cir.2002).

█ The IJ's determination that the alleged conduct did not constitute past persecution was supported by substantial evidence. The IJ correctly found that: (1) neither Suzan nor Arsine were physically mistreated; (2) there was no connection between the incident during which a woman told them to stop speaking Armenian and burglaries at their home; (3) there was no evidence that the burglaries were based on their ethnicity; and (4) both Suzan and her father had been able to achieve a high level of education in Bulgaria. Neither the testimony nor the written applications included any allegations of physical harm, only the Tchavouchians' assumptions were offered to show that the burglaries were ethnically motivated, the burglaries were not referenced in any of the telephone calls they received, the only evidence provided to support the assumption that the burglaries were ethnically motivated was the fact that no other apartments in the building were burglarized, and there was testimony indicating that a high level of education had been achieved despite the alleged discrimination.

█ The ethnically motivated actions, in the form of telephone calls, harassment for speaking Armenian, and a note left on their door, do not constitute persecution as a matter of law. *See Guan Shan Liao*, 293 F.3d at 66. To constitute persecution, "conduct must rise above mere harassment." *Tian–Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir.2004) (internal quotations omitted).

The Tchavouchians also failed to meet their burden of showing a well-founded fear. Because the harm alleged failed to reach the level required for a finding of past persecution, they are not entitled to a presumption of a well-founded fear. *See* 8 C.F.R. § 208.13(b)(1)(i); *Melgar de Torres v. Reno*, 191 F.3d 307, 311 (2d Cir.1999). The Tchavouchians did not provide any objective facts to support their claim of a well-founded fear, but instead rested on the argument that they were entitled to a presumption of a well-founded fear. In addition, the Tchavouchians did not point to any facts to show that the harm would be more severe in the future.

As asylum and withholding of removal "are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding." *Zhou Yun Zhang*, 386 F.3d. at 71. CAT relief requires that an applicant show that he

would more likely than not be tortured, but does not require a nexus to a protected ground. *See* 8 C.F.R. §§ 1208.16(c), 1208.17; *Khouzam v. Ashcroft,* 361 F.3d 161, 168 (2d Cir.2004). There was nothing in the record before the IJ to suggest that the Tchavouchians would be tortured, and they have not pointed out any specifics to this Court.

Pursuant to 8 C.F.R. § 1003.1(e), a single member of the BIA may affirm the IJ without opinion, or "streamline" the case, when the board member determines that: (1) the result reached in the decision was correct or that any errors in the decision were immaterial and harmless; and either (2) the issues on appeal are "squarely controlled" by existing precedent or do not involve the application of precedent to a novel set of facts; or (3) the issues raised on appeal "are not so substantial that the case warrants the issuance of a written opinion." 8 C.F.R. § 1003.1(e)(4)(i)(A)-(B). This Court has determined that the BIA's streamlining procedure does not, on its face, violate due process. *See Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 156–57 (2d Cir.2004).

■ The BIA did not abuse its discretion by denying the motion to reopen. *See Iavorski v. INS,* 232 F.3d 124, 128 (2d Cir.2000). The record does not indicate that the Tchavouchians filed a brief or memorandum in support of their motion. Because the only argument raised was the conclusory statement that changed country conditions, in the form of Bulgaria's new communist government, merited a new hearing, the Tchavouians did not state the new facts that would be proven as required by 8 C.F.R. § 1003.2(c). Moreover, a review of the records reveal that neither the news articles nor Dr. Kamen's report contain any information to indicate that persecution of the Armenian minority in Bulgar-

ia has commenced or escalated under the new communist regime.

For the foregoing reasons, the petitions for review are denied, any stays of removal are vacated, and any pending motions for stays of removal are denied as moot.